IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES DAVID KEITH,

        Petitioner,

v.

MULTNOMAH COUNTY CIRCUIT COURT,
et al.,

        Respondents.

Case No. 3:20-cv-00283-HZ

ORDER TO DISMISS

HERNANDEZ, District Judge.

Petitioner brings this new habeas corpus action pursuant to 28 U.S.C. § 2254. He asserts that in 2019, a Multnomah County jury found him guilty of felony strangulation constituting domestic violence as well as assault in the fourth degree, and that the trial judge found him to be in contempt of court. As a result, on December 9, 2019, the trial court imposed a six-month sentence without credit for time served and without the possibility of

1 - ORDER TO DISMISS

earned-time or good-time credits. He asserts that this sentence is unconstitutional and asks this Court to invalidate it.

## STANDARDS

The federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This Court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases; see also *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990), cert. denied, 498 U.S. 1096 (1991); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

## DISCUSSION

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "In general, a habeas petition should be dismissed if a petitioner has failed to exhaust state remedies as to even one claim." *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994 (citing

*Rose*). A habeas corpus action that is filed prior to the completion of exhaustion should be dismissed without prejudice. *Davis v. Silva*, 511 F.3d 1005, 1008 (9th Cir. 2008). The proper time to determine whether a petitioner has exhausted his state court remedies is at the time he files his federal habeas corpus petition. *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993).

In this case, Petitioner represents that he directly appealed his criminal judgment, and that action is currently pending. He also states that he is currently attempting to file a parallel state habeas corpus action in order to obtain relief from his allegedly invalid sentence. Where Petitioner is just beginning his proceedings in Oregon's state courts, he has not fairly presented any of his claims to Oregon's state courts. Accordingly, this case is summarily dismissed for lack of exhaustion. Because Petitioner cannot cure this deficiency by way of an amended petition, the dismissal is without leave to amend.

///

///

///

///

///

///

## CONCLUSION

Petitioner's Application for Leave to Proceed *In Forma Pauperis* (#1) is granted. However, for the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is summarily dismissed without prejudice.

IT IS SO ORDERED.

DATED this __2__ day of ~~February~~ March, 2020.

                                        *Marco Hernandez*
                                        Marco A. Hernández
                                        United States District Judge